**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| SYLVIA BOLDEN, | \* |
| Plaintiff, | \* |
|  | \* |
| v. | \* |
|  | \*    Civil No. 25-1721-BAH |
| MATTHEW ANDERSON ET AL., | \* |
| Defendants. | \* |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

Plaintiff Sylvia Bolden ("Bolden" or "Plaintiff"), proceeding pro se, brought this employment discrimination action against Insight Technology Solutions, LLC ("Insight") and the President of Insight, Matthew Anderson ("Anderson").[1] ECF 1. Pending before the Court are Insight's motion to dismiss or, in the alternative, for summary judgment, ECF 9; Insight's motion to correct the docket and case caption, ECF 10; and Insight's motion to strike Bolden's filing at ECF 14 as an improper surreply, ECF 15. Bolden has also informally requested leave to file a surreply within her response in opposition to the motion to strike. *See* ECF 16. The motion to correct the case caption is unopposed, and all motions are ripe for disposition. *See* ECF 12 (Plaintiff's opposition to motion to dismiss); ECF 13 (Insight's reply); ECF 14 (Plaintiff's "supplemental response" to her opposition); ECF 16 (Plaintiff's opposition to the motion to strike, with a "motion for leave to file surreply" attached thereto); ECF 17 (Insight's reply and opposition to surreply); ECF 18 (Plaintiff's "reply in support of motion for leave to file surreply"). Several

---

[1] Bolden's complaint lists "Matthew Anderson" as "Agent" for Insight Technology Solutions, LLC. *See* ECF 1, at 1, 2, 9. However, for the reasons explained more fully below, the Court will direct the Clerk to remove Anderson as a defendant in this action. *See infra* Section IV.A.

filings include memoranda of law and exhibits.[2]  *See* ECF 1-1 (notice of right to sue letter and charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC")); ECF 9-2 (affidavit of Matthew Anderson and Plaintiff's offer letter and termination letter from Insight); ECF 16-1 (affidavit of Bolden).  The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025).  Accordingly, for the reasons stated below, Insight's motion to dismiss, ECF 9, is **GRANTED**; Insight's motion to correct the case caption, ECF 10, is **GRANTED**; Insight's motion to strike, ECF 15, is **DENIED**; and Bolden's informal request to file a surreply, ECF 16, is **DENIED**.

## I.    FACTUAL BACKGROUND

Bolden alleges that she began working for Insight around May of 2015.[3]  ECF 1, at 10 ¶ 7. After joining Insight, Bolden was transferred to work for Insight's subcontractor, High Point Digital ("High Point") "[o]n or about September 30, 2015." *Id.* ¶ 8.  Bolden alleges she "became aware that two colleagues, Keisha Armstrong and Brittany Blyther, were involved in a romantic relationship." *Id.* ¶ 9.  On October 17, 2023, Bolden and Blyther had an email exchange wherein Blyther "accused Plaintiff of being aggressive." *Id.* ¶ 10.  Though she does not indicate when, Bolden alleges she reported the email exchange along with her knowledge of her colleagues' romantic relationship to Anderson, who Bolden describes in her complaint as "President" of Insight. *Id.* ¶ 11.

---

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

[3] In contrast, Insight says that Bolden's employment began in May 2019.  ECF 9-2, at 2 (offer letter from Insight to Plaintiff for full time employment dated May 7, 2019).  Nevertheless, in resolving the motion to dismiss, the Court accepts as true all well-pleaded facts in Bolden's complaint and draws all reasonable factual inferences in her favor. *See Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013).

According to Bolden, in April of 2024, an Insight manager, Arlene Erskine, "submitted a complaint about Plaintiff's performance to Human Resources—the first such complaint of this nature." *Id.* ¶ 12. Bolden further alleges that Erskine questioned her about why she reported her colleagues' relationship, *id.* ¶ 13, and that Erskine accused Bolden of reporting the relationship to "'federal leadership,'"[4] *id.* ¶¶ 16–17. Bolden asserts that Erskine is a friend of both Blyther and Armstrong, *id.* ¶ 12, and that the alleged discrimination and retaliation was the result of "workplace dynamics involving same-sex colleagues in positions of influence," *id.* ¶ 21.

On May 9, 2024, Bolden "was removed from [the contract she had previously been supporting] without prior notice or documented performance concerns."[5] *Id.* ¶ 14. Then, on May 20, 2024, Bolden alleges that she "was reassigned to a different position within High Point Digital, resulting in a demotion and reduced compensation." *Id.* ¶ 19. While the precise timing of the comment is not alleged in the complaint, Bolden claims she was informed by another colleague that Armstrong stated, "We got Sylvia up outta here." *Id.* ¶ 15.

## II.    PROCEDURAL BACKGROUND

Bolden filed a charge with the EEOC and received a Notice of Right to Sue letter on March 3, 2025. *Id.* at 9 ¶¶ 3–4. Bolden then timely filed her complaint in this Court on May 30, 2025,

---

[4] Aside from stating that she was accused of reporting her co-workers' relationship to "federal leadership," Bolden does not elaborate on Insight's or High Point's association, if any, with the federal government. However, it is possible that Bolden may have been working on a contract with the federal government. *See*, *infra* n. 5.

[5] Bolden refers to the contract she was previously supporting as the "SEVP contract" but does not indicate what that stands for, or what she did. ECF 1, at 10. The Court takes judicial notice of Immigration and Customs Enforcement's website, which describes "SEVP" as the "Student and Exchange Visitor Program." U.S. Immigration and Customs Enforcement, *Student and Exchange Visitor Program* (updated July 14, 2025), https://www.ice.gov/sevis [https://perma.cc/SKK8-98V5]; *see also Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) ("In reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record.").

3

alleging sex discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. (Count I); retaliation in violation of Title VII (Count II); and a violation of the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8)–(9) (Count III). *Id.* at 10–11. On August 15, 2025, Insight filed its motion to dismiss or, in the alternative, for summary judgment, ECF 9, along with its motion to correct the docket and case caption, ECF 10. Bolden filed her response in opposition to Insight's motion to dismiss on August 18, 2025, ECF 12, and Insight filed a reply on August 20, 2025, ECF 13. Bolden did not file a response to Insight's motion to correct the docket and case caption. On September 3, 2025, Bolden filed a "supplemental response in further opposition to Defendant's motion to dismiss . . . and in response to Defendant's reply." ECF 14, at 1 (capitalization altered). Insight subsequently filed a motion to strike Bolden's supplemental response as an improperly filed surreply, ECF 15, which Bolden opposed, ECF 16. In her opposition to Insight's motion to strike, Bolden also retroactively requested leave to file a surreply, ECF 16, at 3–4, which Insight also opposed, ECF 17.

Now before the Court are Insight's motion to dismiss or, in the alternative, for summary judgment, ECF 9; Insight's motion to correct the docket and case caption, ECF 10; Insight's motion to strike Bolden's surreply, ECF 15; and Bolden's informal request to file a surreply, ECF 16, at 3–4. All are ripe for resolution.

## III.   <u>LEGAL STANDARD</u>

A motion to dismiss styled in the alternative as a motion for summary judgment implicates the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436–37 (D. Md. 2011), *aff'd* 684 F.3d 462 (4th Cir. 2012). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for

4

summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

With its motion to dismiss, Insight has included copies of Bolden's offer letter and termination letter, as well as an affidavit from Anderson. *See* ECF 9-2, at 1 (Anderson affidavit), at 2–4 (offer letter), at 5 (termination letter). However, the Court need not consider these documents in reaching its conclusions regarding the sufficiency of Bolden's complaint and therefore declines to convert the motion to dismiss into one for summary judgment. *See Donnelly v. Maryland*, 602 F. Supp. 3d 836, 849 (D. Md. 2022) ("Because the district court need not consider matters outside the pleadings in resolving the pending motions, this Court will exercise its discretion and not convert the County's motion into a motion for summary judgment and will treat it as a motion to dismiss"); *see also Sager v. Hous. Comm'n of Anne Arundel Cty.*, 855 F. Supp. 2d 524, 542 (D. Md. 2012) ("A district judge has complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." (citation modified)).

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

Because Plaintiff brings this suit pro se, the Court must liberally construe her pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for [her], nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, No. CIVA 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); and then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

## IV.    ANALYSIS

### A.    Insight's Motion to Correct Docket and Case Caption (ECF 10)

Insight has filed an unopposed motion to correct the docket and case caption to remove Anderson as a defendant in this action and leave Insight as the sole named defendant. ECF 10, at 1–2. Insight argues that Bolden "incorrect[ly] identifi[ed ] the defendant." *Id.* at 1. "Generally, Rule 10(a) of the Federal Rules of Civil Procedure provides that the title of a complaint must name all the parties to an action. 'But in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to

6

the body of the complaint to determine who the intended and proper defendants are.'" *Yongo v. U.S. Army*, No. 5:10-CV-220-F, 2012 WL 777181, at *2 (E.D.N.C. Mar. 8, 2012) (quoting *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243–44 (10th Cir. 2007)).

Here, the allegations in the complaint suggest that Bolden intended to assert her claims against Insight only, rather than Anderson. Bolden writes, "[d]efendant, Insight Technology Solutions LLC, is a private employer doing business in Maryland and is subject to Title VII of the Civil Rights Act of 1964." ECF 1, at 9 ¶ 6. While Bolden has handwritten, "{Matthew Anderson, Agent}" above Insight's name, this appears to be an attempt to identify Anderson as Insight's agent for purposes of service of process, not to raise any specifics allegations of wrongdoing by Anderson. *Id.* As Insight rightly points out, "[t]he complaint does not include any claims against Matthew Anderson in his individual or agent capacity, only against Insight Technology Solutions, LLC." ECF 10, at 2–3 ¶ 3. And as noted, Bolden did not oppose or otherwise respond to the motion, and she identifies Insight as the sole defendant in all subsequent filings. *See* ECF 12, at 1 (including Insight Technology Solutions, LLC, "Defendant" in the filing's case caption); ECF 16, at 1 (same); ECF 18, at 1 (same). For these reasons, the Court GRANTS Insight's unopposed motion to correct the docket and case caption and will direct the Clerk to remove Anderson as a defendant in this action.

### B.    Bolden's Motion to File a Surreply (ECF 16)

After Insight filed a reply in support of its motion to dismiss, Bolden filed a "Supplemental Response in further opposition . . . and in response to Defendant's Reply," which the Court construes as a surreply. ECF 14, at 1; *see also Hall v. Prince George's Cnty.*, 189 F. Supp. 2d 320, 321 n.1 (D. Md. 2002) ("The court construes the document to be a surreply due to its explicit reference to the Defendant's Reply memorandum . . . ."). Insight moves to strike Bolden's surreply as it was improperly filed without leave of Court. ECF 15, at 2. In response to Insight's

7

motion to strike, Bolden belatedly requested leave to file a surreply as part of her response in opposition to the motion to strike, *see* ECF 16, at 3–4, and reiterated similar arguments in a filing she titled as a "reply in support of motion for leave to file a surreply," ECF 18. Bolden did not file a formal motion requesting leave to file a surreply but given Bolden's pro se status and her entitlement to some leniency, the Court will construe her response in opposition as a motion for leave to file a surreply.

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." A motion to strike is viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted). Additionally, motions, memoranda, and the exhibits attached to them are not pleadings subject to a motion to strike. *Tepeyac v. Montgomery Cnty.*, 779 F. Supp. 2d 456, 460 (D. Md. 2011), *rev'd in part on other grounds*, 683 F.3d 591 (4th Cir. 2013), *aff'd on reh'g en banc sub nom., Centro Tepeyac v. Montgomery Cnty.*, 772 F.3d 184 (4th Cir. 2013).

Surreplies are generally not permitted under this Court's Local Rules, but "the Court in its discretion may allow a party to file a surreply." *Boland v. Amazon.com Sales, Inc.*, 628 F. Supp. 3d 595, 599 (D. Md. 2022) (citation omitted); *see also* Loc. R. 105.2(a) (D. Md. 2025) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). "Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). "Courts have also permitted pro se parties to file surreplies where the opposing party has [n]ot objected to the filing." *Boland*, 628 F. Supp. 3d

8

at 599 (citing *Zhang v. Sci. & Tech. Corp.*, 382 F. Supp. 2d 761, 767 (D. Md. 2005), *aff'd*, 174 F. App'x 177 (4th Cir. 2006)).

Bolden argues that the Court should permit her to file a surreply because she addresses "new factual assertions and arguments first raised by [Insight's] [r]eply brief." ECF 16, at 2. Specifically, Bolden asserts the new arguments raised by Insight in its reply brief include: (1) "denial of control over Plaintiff's removal"; (2) a "new claim that Plaintiff was removed for performance deficiencies"; (3) a "new argument that Plaintiff's whistleblower activity was not protected"; and (4) a "new evidentiary challenge to Plaintiff's retaliation evidence, regarding the statement, 'We got Sylvia up outta here.'" *Id.*

A careful review of the filing reflects that Insight did not raise any new information in its reply brief that would warrant the filing of a surreply. For example, despite Bolden's contention that Insight newly denied having control over the decision to remove her and argued that Bolden's removal was for performance issues, no such assertions appear anywhere in Insight's reply brief. Insight instead argues that Bolden fails to set forth allegations to support a joint employer theory or Title VII claim. *See* ECF 13, at 2 ("The Complaint simply does not set forth joint-employer claims against Insight."). Bolden also asserts that Insight newly advances an argument that she did not engage in a protected activity under the WPA. ECF 16, at 2. But this argument is set out extensively in Insight's motion to dismiss, *see* ECF 9, at 5–6, and is not raised for the first time in reply. Lastly, Bolden argues that Insight newly advances an "evidentiary objection to Plaintiff's retaliation evidence," namely to the statement, "We got Sylvia up outta here[.]" ECF 16, at 2. Insight does not discuss this statement in its reply.

The Court will DENY Insight's motion to strike because under the Federal Rules, such a motion applies only to pleadings, and a surreply is not a pleading. *Cf. Brown v. Prince George's*

*Cnty., MD*, Civ. No. DKC-07-2591, 2012 WL 3012573, at \*4 (D. Md. July 20, 2012) (denying a motion to strike a surreply because "there is 'no basis in the Federal Rules' for striking" a surreply, and also denying the plaintiff's request to file a surreply and declining to consider it in resolving a summary judgment motion). "Denial of the motion to strike does not, however, obligate the Court to consider Plaintiff's surreply . . . ." *Id.* Bolden's request to file a surreply is DENIED as the proposed surreply does not address any new matters set forth for the first time in Insight's reply. *See Doe v. Bd. of Educ. of Prince George's Cnty.*, 982 F. Supp. 2d 641, 664 (D. Md. 2013) (denying plaintiffs' motion for leave to file a surreply because "surreplies are disfavored in this District and the surreply would not alter the Court's analysis" (alterations omitted) (quoting *Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013))), *aff'd*, 605 F. App'x 159 (4th Cir. 2015).

## C.   Insight's Motion to Dismiss (ECF 9)

Insight moves to dismiss Bolden's complaint and advances two major arguments in support of its motion. *See* ECF 9. First, with respect to Bolden's Title VII claims, Insight argues that "Plaintiff's Complaint does not allege that Insight was her employer in 2024 when the behavior that she complains about occurred."[6] ECF 9-1, at 3. Second, Insight argues that Bolden "is not a covered employee under the WPA for the purposes of asserting a WPA whistleblower claim." *Id.* at 6. The Court agrees that dismissal of Bolden's complaint is appropriate for these reasons.

### 1.   Title VII Claims (Counts I and II)

The first two counts of Bolden's complaint arise from alleged violations of Title VII. ECF 1, at 10–11. Broadly speaking, Title VII prohibits unlawful discrimination or retaliation by an

---

[6] Insight also argues that Bolden has failed to otherwise state a claim of discrimination or retaliation under Title VII. *See* ECF 9-1, at 4–6. But as noted *infra*, the Court need not reach these arguments as it concludes that Bolden has failed to allege that Insight was her employer as required for a Title VII claim.

employer against an employee or applicant. 42 U.S.C. § 2000e-2(a). As relevant here, it is "an unlawful employment practice" for "an employer . . . to discharge . . . or otherwise discriminate against any individual with respect to [the] ... terms, conditions, or privileges of [her] employment, because of such individual's race, color, religion, sex, or national origin." *Id.* § 2000e-2(a)(1). Importantly, "[a]n entity can be held liable in a Title VII action only if it is an 'employer' of the complainant." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 408 (4th Cir. 2015). Bolden's Title VII claims are therefore predicated on the existence of an employer-employee relationship.[7]

Bolden's Title VII claims fail because she alleges that High Point, not Insight, was her employer when the alleged acts giving rise to her discrimination and retaliation claims took place. In fact, neither party disputes that Bolden became an employee of High Point long before the alleged acts at the heart of her complaint occurred. *Compare* ECF 1, at 10 ¶ 8 ("On or about September 30, 2015, Plaintiff was transferred to High Point Digital, a subcontractor of the Defendant."), *with* ECF 9, at 1 n.1 ("[W]hat is relevant for the purposes of this motion is that it is undisputed by all parties that Plaintiff became an employee of HighPoint Digital years before the events which form the basis of Plaintiff's Complaint occurred."). And although Bolden pleads

---

[7] Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). An "employee" is "an individual employed by an employer." *Id.* § 2000e(f). "As the Supreme Court has noted, definitions of 'employer' and 'employee' in federal law are often circular and 'explain[ ] nothing.'" *Butler*, 793 F.3d at 408 (quoting *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 323 (1992)). Nevertheless, neither party disputes that Insight is an "employer" under the relevant meaning of Title VII, but rather they dispute whether Insight was *Bolden's* employer, since she alleges that she worked for High Point during the relevant time period in the complaint. *See* ECF 9-1, at 3.

11

that High Point is a subcontractor of Insight, she still fails to plead that Insight was her employer at any time during the alleged acts grounding her Title VII claims. ECF 1, at 10 ¶ 8.

Perhaps in recognition that she failed to plead that Insight was her employer, Bolden attempts to advance a joint employer theory in her opposition brief, and asserts that Insight (specifically Insight's manager, Erskine) "exercised control over Plaintiff's employment by directing her removal from the SEVP contract." ECF 12, at 2 ("Even if Plaintiff was technically employed by High Point Digital, Defendant may still be held liable as a joint employer under Title VII."). Bolden argues that Insight's "program manager, [] Erskine, directly initiated Plaintiff's removal, which led to her demotion and reduction in pay. This satisfies the joint employer test under Title VII." *Id.* Insight, on the other hand, maintains that it is a separate and distinct entity from High Point. *See* ECF 9-1, at 4 (arguing that Bolden "was employed by an entirely different company"). Insight argues that Bolden fails to allege that "Insight was at all involved in her 2024 reassignment or any other part of her employment with HighPoint Digital." *Id.*

In *Butler v. Drive Auto. Indus. of Am., Inc.*, the Fourth Circuit held that "multiple entities may simultaneously be considered employers for the purposes of Title VII." 793 F.3d at 410. In so concluding, the court joined other circuits in finding "that two parties can be considered joint employers and therefore both be liable under Title VII if they 'share or co-determine those matters governing the essential terms and conditions of employment." *Id.* at 408 (quoting *Virgo v. Riviera Assocs., Ltd.*, 30 F.3d 1350, 1360 (11th Cir. 1994)). "In other words, 'courts look to whether both entities exercise significant control over the same employees.'" *Id.* (quoting *Bristol v. Bd. of Cnty. Comm'rs*, 312 F.3d 1213, 1218 (10th Cir. 2002) (en banc)) (additional internal quotation marks omitted). "The basis for the finding that two companies are 'joint employers' is that 'one employer while contracting in good faith with an otherwise independent company, has retained for itself

12

sufficient control of the terms and conditions of employment of the employees who are employed by the other employer.'" *Id.* at 408–09 (quoting *Torres-Negrón v. Merck & Co.*, 488 F.3d 34, 40 (1st Cir. 2007)) (additional internal quotation marks omitted).

To determine whether an individual is jointly employed by two or more entities for the purposes of Title VII, the Fourth Circuit articulated a set of non-exclusive factors for courts to assess, including:

(1) authority to hire and fire the individual;

(2) day-to-day supervision of the individual, including employee discipline;

(3) whether the putative employer furnishes the equipment used and the place of work;

(4) possession of and responsibility over the individual's employment records, including payroll, insurance, and taxes;

(5) the length of time during which the individual has worked for the putative employer;

(6) whether the putative employer provides the individual with formal or informal training;

(7) whether the individual's duties are akin to a regular employee's duties;

(8) whether the individual is assigned solely to the putative employer; and

(9) whether the individual and putative employer intended to enter into an employment relationship.

*Id.* at 414. While it emphasized that no factor is dispositive, the Fourth Circuit explained that the first three factors are most important. *See id.* ("Courts should be mindful that control remains the principal guidepost for determining whether multiple entities can be a plaintiff's joint employers."). Judges of this Court have since used the *Butler* factors to determine if Title VII claims can survive motions to dismiss. *See, e.g., Dreher v. Maryland*, Civ. No. GLR-17-3832, 2019 WL 528192, at *4–5 (D. Md. Feb. 11, 2019) (finding that two of the three most important *Butler* factors—the day-to-day supervision of the individual and the putative employer's provision

13

of the equipment and workplace—were sufficiently alleged in the complaint and allowing the plaintiff to proceed under a joint employer liability theory), *on reconsideration in part sub nom. Dreher v. Anne Arundel Cnty.*, Civ. No. GLR-17-3832, 2019 WL 13255743 (D. Md. Sept. 23, 2019).

Here, Bolden's complaint neither advances a joint employer liability theory nor alleges facts to support it. Aside from stating that High Point is a subcontractor of Insight, the complaint is devoid of any facts that would tend to show that Insight had control over any High Point employees, much less Bolden herself. *See* ECF 1, at 10. And Bolden's argument that a joint employer relationship existed because Erskine "exercised control over Plaintiff's employment" is unavailing. *See* ECF 12, at 2. In her complaint, Bolden does not allege that Erskine had any role in controlling Plaintiff's employment. *See* ECF 1, at 10 ("Erskine, a manager . . . submitted a complaint . . . to Human Resources . . . ."). And although Bolden identifies in her opposition that Erskine is "Defendant's program manager," ECF 12, at 2, this allegation falls far short of alleging that Insight was a joint employer for purposes of Title VII liability as Bolden does not allege that Erskine was Bolden's manager while she was employed by High Point. *Cf. McAdory v. Vail· Techs.*, No. 116-886-LMB, 2017 WL 1822276, at *5 (E.D. Va. May 4, 2017) (holding on a summary judgment motion that a prime contractor was not a joint employer with a subcontractor for purposes of plaintiff's Title VII claim even where prime contractor provided plaintiff with "a. laptop, an email account, and business cards" and plaintiff's work "resembled those" of prime contractor "employees assigned to the same project"), *aff'd,* 695 F. App'x 730 (4th Cir. 2017); *but cf. Dreher*, 2019 WL 528192, at *5 ("In this case, because Dreher's supervisor was a County employee, and he worked in an office with and processed payroll for County employees, Dreher plausibly alleges that the County was effectively his employer."). Because Bolden fails to allege

that the named defendant, Insight, was her employer during the alleged acts giving rise to her Title VII claims, Counts I and II alleging discrimination and retaliation must be dismissed.[8]

### 2.   Whistleblower Protection Act Claim (Count III)

The Whistleblower Protection Act of 1989 (the "WPA") protects federal civil service employees who disclose government illegality, waste, and corruption from adverse personnel actions. *See* 5 U.S.C. § 2302(b)(8). More specifically, "[t]he WPA prohibits federal employers from taking a personnel action against 'an employee in . . . a covered position in an agency' 'because of any disclosure of information by an employee . . . which the employee . . . reasonably believes evidences any violation of any law, rule, or regulation.'" *Dent v. Univ. of Maryland, Coll. Park*, Civ. No. DKC-16-2446, 2017 WL 2537009, at *8 (D. Md. June 12, 2017) (quoting 5 U.S.C. § 2302(b)(8)(A)(i)), *aff'd sub nom. Dent v. Univ. of Maryland*, 709 F. App'x 236 (4th Cir. 2018). "A 'covered position' is defined as 'any position in the competitive service, . . . the Senior Executive Service, or . . . the excepted service,' and an 'agency' for purposes of the law is 'an Executive agency.'" *Id.* (quoting 5 U.S.C. § 2302(a)(2)(B)–(C)); *see also High v. Genesis Healthcare LLC*, No. 1:14CV265, 2014 WL 6997492, at *2 (M.D.N.C. Dec. 5, 2014) ("The Whistleblower Protection Act only protects employees in a 'covered position' within an 'agency,' meaning that only employees of an executive branch agency or the Government Printing Office are protected from retaliation based on disclosure of information.").

Here, nothing in Bolden's complaint suggests that Insight was a federal employer under the WPA or that Bolden held a "covered position." *See* ECF 1, at 9 (alleging Insight "is a private employer"). To the extent Bolden claims whistleblower protections against her private employer, the WPA creates no such cause of action. *See High*, 2014 WL 6997492, at *2 ("[E]mployees that

---

[8] Accordingly, the Court need not reach Insight's remaining arguments in support of dismissing Bolden's Title VII claims.

work for private companies are not protected by the Whistleblower Protection Act." (citing *Jurgensen v. Fairfax Cnty., Va.*, 745 F.2d 868, 871 (4th Cir. 1984))); *cf. Moore v. Bd. of Educ. of Baltimore Cnty.*, Civ. No. RDB-16-3439, 2017 WL 3172820 (D. Md. July 25, 2017) (dismissing WPA claim where plaintiff did not allege that she was a federal employee because the "statute is designed to protect *federal employees* from 'prohibited personnel practices'" (emphasis in original)). Even if Bolden's allegations related to the fulfillment of the SEVP contract means that she was working pursuant to a federal government contract, the result remains the same. *See Quarles v. Colorado Sec. Agency, Inc.*, 843 F.2d 557, 559 (D.C. Cir. 1988) (dismissing a WPA claim because the plaintiff was only "employed by a private entity who happened to have a contract with a federal agency"); *see also In re Uplinger*, No. 09-13129-BFK, 2012 WL 194621, at *3 (Bankr. E.D. Va. Jan. 20, 2012) (observing that "federal courts have held that private, government contract employees are not entitled to the employment benefits enjoyed by Civil Service employees" including the protections of the WPA). Accordingly, Bolden's WPA claim must be dismissed.

### 3.    Dismissal is without prejudice.

Insight argues that dismissal of Bolden's claims must be with prejudice. ECF 9-1, at 7. The Court has broad discretion to dismiss claims with or without prejudice. *Weigel v. Maryland*, 950 F. Supp. 2d 811, 826 (D. Md. 2013) (citing *180s, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)). When a plaintiff has not had the opportunity to amend a complaint, "the dismissal should generally be without prejudice." *King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016). Since this is Bolden's first attempt at pleading her claims, dismissal will be without prejudice.

## V.    CONCLUSION

For the foregoing reasons, Insight's motion to dismiss or, in the alternative, for summary judgment, ECF 9, construed as a motion to dismiss, is GRANTED; Bolden's claims are dismissed without prejudice; Insight's motion to correct the case caption, ECF 10, is GRANTED, and the Clerk is directed to terminate Matthew Anderson as a defendant in this action; Insight's motion to strike, ECF 15, is DENIED; and Bolden's informal request to file a surreply, ECF 16, is DENIED.

A separate implementing order will issue.

Dated: March 17, 2026                                    /s/
                                                    Brendan A. Hurson
                                                    United States District Judge

17